## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX CICCOTELLI,            ) | |
|            ) | |
|        Plaintiff,      ) | |
|            ) | Case No. _____ |
|      v.            ) | |
|            ) | JURY TRIAL DEMANDED |
| TRIBUNE PUBLISHING COMPANY,  ) | |
| PHILIP G. FRANKLIN, RICHARD RECK, ) | |
| CAROL CRENSHAW, CHRISTOPHER  ) | |
| MINNETIAN, DANA GOLDSMITH     ) | |
| NEEDLEMAN, TERRY JIMENEZ, and   ) | |
| RANDALL D. SMITH,           ) | |
|            ) | |
|       Defendants.     ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.    This action stems from a proposed transaction announced on February 16, 2021 (the "Proposed Transaction"), pursuant to which Tribune Publishing Company ("Tribune Publishing" or the "Company") will be acquired by affiliates of Alden Global Capital ("Alden").

2.    On February 16, 2021, Tribune Publishing's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Tribune Enterprises, LLC ("Parent") and Tribune Merger Sub, Inc. ("Merger Sub," and together with Parent, "Tribune Enterprises").  Pursuant to the terms of the Merger Agreement, Tribune Publishing's stockholders will receive $17.25 in cash for each share of Tribune Publishing common stock they own.

3.      On April 20, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Tribune Publishing common stock.

9.      Defendant Tribune Publishing is a Delaware corporation and maintains its principal executive offices at 160 N. Stetson Avenue, Chicago, Illinois 60601.  Tribune Publishing's common stock is traded on the NASDAQ under the ticker symbol "TPCO."

10.     Defendant Philip G. Franklin is Chairman of the Board of the Company.

11.     Defendant Richard Reck is a director of the Company.

12.     Defendant Carol Crenshaw is a director of the Company.

13.     Defendant Christopher Minnetian is a director of the Company.

14.     Defendant Dana Goldsmith Needleman is a director of the Company.

15.     Defendant Terry Jimenez is President, Chief Executive Officer, and a director of the Company.

16.     Defendant Randall D. Smith is a director of the Company.

17.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

18.     Tribune Publishing is a media company that operates local media businesses in eight markets with titles including the Chicago Tribune, New York Daily News, The Baltimore Sun, Hartford Courant, South Florida's Sun Sentinel and Orlando Sentinel, Virginia's Daily Press and The Virginian-Pilot, and The Morning Call of Lehigh Valley, Pennsylvania.

19.     On February 16, 2021, Tribune Publishing's Board caused the Company to enter into the Merger Agreement.

20.     Pursuant to the terms of the Merger Agreement, Tribune Publishing's stockholders will receive $17.25 in cash for each share of Tribune Publishing common stock they own.

21.     According to the press release announcing the Proposed Transaction:

Tribune Publishing Company (NASDAQ:TPCO) ("Tribune" or the "Company") and affiliates of Alden Global Capital ("Alden") today announced that they have entered into a definitive merger agreement under which Alden will acquire all of the outstanding shares of Tribune common stock not currently owned by Alden for

$17.25 per share in cash. Alden currently owns 11,554,306 shares of Tribune common stock, representing 31.6% of the Company's outstanding shares. . . .

Approvals and Timing

The transaction is expected to close in the second quarter of 2021, subject to, among other things, the expiration or termination of the applicable waiting periods under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, the approval of holders of two-thirds of Tribune common stock not owned by Alden, as well as other customary closing conditions.

Upon completion of the transaction, Tribune will become a privately held company, and its common stock will no longer be listed on any public market.

Advisors

Moelis & Company LLC is serving as exclusive financial advisor to Alden Global Capital, and Akin Gump Strauss Hauer & Feld LLP is serving as legal advisor. Lazard is serving as financial advisor to the special committee of the Board of Directors of Tribune, and Davis Polk & Wardwell LLP is serving as the special committee's legal advisor.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

22.    Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

23.    As set forth below, the Proxy Statement omits material information.

24.    First, the Proxy Statement omits material information regarding the Company's financial projections.

25.    The Proxy Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

26.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Lazard Frères & Co. LLC ("Lazard").

28.     With respect to Lazard's Selected Precedent Transactions Multiples Analysis, the Proxy Statement fails to disclose: (i) the closing date of the transactions; and (ii) the total values of the transactions.

29.     With respect to Lazard's Discounted Cash Flow Analyses, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values; (iii) the individual inputs and assumptions underlying the discount rates; (iv) Lazard's basis for applying the various exit Adjusted EBITDA multiples; (v) the pension liabilities, adjusted expenses, and net debt used by Lazard.

30.     With respect to Lazard's Research Analyst Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

31.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32.     Third, the Proxy Statement fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

33.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

34.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tribune Publishing**

35.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Tribune Publishing is liable as the issuer of these statements.

37.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40.    The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

41.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

42.    Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

43.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.    The Individual Defendants acted as controlling persons of Tribune Publishing within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Tribune Publishing and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of

the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

47.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

48.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  May 4, 2021                    **RIGRODSKY LAW, P.A.**

By:  */s/ Gina M. Serra*
       Seth D. Rigrodsky
       Timothy J. MacFall
       Gina M. Serra
       Vincent A. Licata
       825 East Gate Boulevard, Suite 300
       Garden City, NY 11530
       (516) 683-3516
       sdr@rl-legal.com
       tjm@rl-legal.com
       gms@rl-legal.com
       vl@rl-legal.com

       *Attorneys for Plaintiff*